# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1243

_____

Keith Allen Deaton

*Petitioner - Appellant*

v.

Ray Hobbs, Director of the Arkansas Department of Correction

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: January 16, 2014
Filed: April 11, 2014
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Keith Deaton appeals the district court's dismissal of his habeas corpus petition as untimely. The issue before us is whether the district court properly determined that Deaton is not entitled to equitable tolling. However, because Deaton asserted a claim of actual innocence as the primary ground for his petition, this issue is now moot after the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. ---, 133 S. Ct. 1924

(2013). *See id.* at 1928 ("Our opinion clarifies that a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.").  Therefore, we remand to the district court for a determination as to whether Deaton can meet the demanding actual-innocence standard.  *See Williams v. Hobbs*, 509 F. App'x 558, 558 (8th Cir. 2013) (unpublished per curiam); *see also McQuiggin*, 133 S. Ct. at 1935 ("[A] petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' . . . 'A court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].'" (third, fourth, and fifth alterations in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 332 (1995))).

_____